UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| SHAUN ROCKETT, a Resident of Waldoboro, Lincoln County, State of Maine,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WESTERN SEA, INC., a Maine corporation doing business in Rockland, Knox County, State of Maine,<br><br>and<br><br>GLENN ROBBINS, a Resident of Eliot, York County State of Maine,<br><br>　　　　　　Defendants. | 1:21-CV-_____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY**

NOW COMES Plaintiff Shaun Rockett and complains as follows:

**General Allegations Applicable to All Counts**

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. Plaintiff Shaun Rockett (hereinafter "Plaintiff" and/or "Rockett") is a resident of Waldoboro, Lincoln County, State of Maine.

3. Defendant Western Sea, Inc. (hereinafter "Western Sea"), is a business incorporated in the State of Maine doing business in or about Rockland, Knox County, State of Maine.

1

4. Upon information and belief, Defendant Glenn Robbins (hereinafter "Robbins") is a resident of Eliot, York County, State of Maine.

5. At all times relevant to this action, Plaintiff Shaun Rockett was a member of the crew of the commercial fishing vessel *Western Sea* (hereinafter the "Vessel") and acting in the course of his employment as a crewman of that vessel.

6. At all times relevant to this action, Defendant Glenn Robbins and/or Defendant Western Sea owned, operated, controlled, and/or maintained the commercial fishing vessel *Western Sea*.

7. At all times relevant to this action, Defendant Western Sea and/or Defendant Glenn Robbins employed Plaintiff Shaun Rockett as a crewman aboard that vessel.

8. At the time of the incident complained of in this action, the commercial fishing vessel *Western Sea* was a "vessel" for purposes of the Jones Act and general maritime law.

9. On or about October 7, 2018, the Vessel was engaged in purse seining off the coast of Jonesport, Maine.

10. On or about October 7, 2018, the Vessel was operated by Captain Ethan Chase while Plaintiff operated a skiff nearby to set the purse seining net.

11. At all times relevant to this action, Captain Ethan Chase was employed by Defendant Robbins and/or Defendant Western Sea and was acting in the scope of his employment as a crewmember of the Vessel.

12. On October 7, 2018, Captain Chase operated the Vessel negligently, causing it to collide with the skiff which was occupied by Plaintiff Rockett.

13. Plaintiff suffered physical injuries, including but not limited to his spine, back, and other muscoskeletal injuries.

14. Plaintiff's injuries were incurred while in the service of the commercial fishing vessel *Western Sea*.

15. Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

16. Following his injuries, Plaintiff received significant medical treatment at Miles Hospital, Maine Medical Partners Neurology & Spine, Waldoboro Chiropractic Center, and Tufts Medical, among other medical providers.

17. Plaintiff experienced and continues to experience pain and suffering as a result of his injuries.

18. Plaintiff incurred medical bills as a result of the medical treatment she received.

19. Plaintiff missed work as a result of his injuries and treatment, and therefore incurred a loss of earnings. Plaintiff will also suffer a loss of earning capacity as a result of his injuries.

20. On or about October 7, 2018, while performing duties as a crewman onboard the vessel *Western Sea*, Plaintiff Shaun Rockett suffered the following injuries and damages: (a) serious, painful and permanent physical injuries to his back and spine; (b) severe physical and mental suffering; (c) lost earnings; (d) loss of earning capacity; and (e) other damages.

## Count I: Jones Act Negligence

21. Plaintiff Shaun Rockett incorporates by references paragraphs 1 through 20 of this Complaint into Count I.

22. At the time of his injuries, Plaintiff was a crewmember onboard the vessel *Western Sea* and met the requirement for status as a Jones Act seaman.

23. As Plaintiff's employer(s) at the time of his injuries, Defendant Western Sea and/or Defendant Glenn Robbins are proper defendants to a Jones Act claim for negligence. 46 U.S.C. § 30104.

24. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant Western Sea and/or Defendant Robbins in at least the following particulars: failing to use or implement safer methods setting the net and/or collecting catch; failing to provide proper safety equipment and procedures to prevent injury; failing to instruct crew on safe procedures; failing to properly supervise crew and other employee(s) loading equipment onto the Vessel; negligent operation of the Vessel; and/or allowing the Vessel to be operated by a captain lacking proper qualifications, experience, and/or skill. Furthermore, the negligence of Defendant Western Sea and/or Defendant Robbins can be imputed from the negligent acts or omissions of its agent(s).

25. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Shaun Rockett suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Shaun Rockett demands joint and several judgment against Defendant Western Sea and/or Defendant Glenn Robbins in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## Count II: Unseaworthiness

26. Plaintiff Shaun Rockett incorporates by references paragraphs 1 through 25 of this Complaint into Count II.

27. Defendant Robbins and/or Defendant Western Sea, as owner(s) of the Vessel, owe a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

28. As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the Vessel owned and operated by Defendant Robbins and/or Defendant Western Sea in at least the following particulars: failing to provide a safe workspace; failing to

provide proper safety equipment and procedures to prevent injury; failing to instruct crew on safe procedures; and/or putting a crew onboard the Vessel and/or captain in operation of the Vessel which lacked proper experience, qualifications, and/or skill.

29. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Shaun Rockett demands judgment against Defendant Glenn Robbins and/or Western Sea in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

### Count IV: Maintenance & Cure

30. Plaintiff Shaun Rockett incorporates by references paragraphs 1 through 29 of this Complaint into Count IV.

31. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant Western Sea, Inc. and/or Defendant Glenn Robbins as a crewman aboard the commercial fishing vessel *Western Sea*.

32. As a result of the above-described injuries suffered by Plaintiff Shaun Rockett, he is entitled to maintenance at a reasonable daily rate and cure until he reaches the point of maximum medical improvement. *Ferrara v. A. & V. Fishing, Inc.*, 99 F.3d 449, 454 (1st Cir. 1996).

WHEREFORE, Plaintiff Shaun Rockett demands judgment against Defendant Western Sea, Inc., in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interest and costs.

### Count V: Wrongful Withholding of Maintenance & Cure

33. Plaintiff Shaun Rockett incorporates by references paragraphs 1 through 32 of this Complaint into Count V.

34. Having suffered an injury while acting in the service of the commercial fishing vessel *Western Sea*, Plaintiff is entitled to maintenance and cure.

35. Defendants have refused and/or failed to pay prompt and full maintenance and cure to Plaintiff from the date of his injury to the point of maximum medical cure, despite repeated demands.

36. Refusal to pay maintenance and cure by Defendant Robbins and/or Defendant Western Sea has harmed the Plaintiff medically.

37. Refusal to pay maintenance and cure by Defendant Robbins and/or Defendant Western Sea has caused the Plaintiff to have to retain counsel and file suit.

38. Defendant Robbins and Defendant Western Sea are jointly and severally answerable in damages as a result of their withholding of maintenance and cure, to include payment of compensatory damages, consequential damages, attorney's fees, and punitive damages. *See, e.g., Vaughan v. Atkinson*, 369 U.S. 527 (1962); *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

WHEREFORE, Plaintiff Shaun Rockett demands judgment against Defendant David Robbins and/or Defendant Western Sea, in a fair and reasonable amount to compensate for Defendants' withholding of maintenance and cure, together with interest, costs, attorney's fees, and punitive damages.

## **Jury Trial Demand**

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

Dated at Portland, Maine this 6th day of October, 2021.

                                               /s/ Stephen W. Koerting
                                               Stephen W. Koerting, MBN 5820
                                               skoerting@krz.com
                                               Attorney for Plaintiff Shaun Rockett
                                               KELLY, REMMEL & ZIMMERMAN
                                               53 Exchange Street
                                               Portland, Maine 04101
                                               (207) 775-1020